1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADELL DICKERSON, | No. 2:14-cv-0731 WBS CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| F. FOULK, | |
| Respondent. | |

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254.  He challenges the revocation of 180 days of good conduct sentence credit imposed following prisoner disciplinary proceedings.  He asserts there was not enough evidence presented at the proceedings to sustain the finding that he committed the offense of "constructive possession of a controlled substance for the purpose of distribution."

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

/////

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)." It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

When a state court rejects a federal claim without addressing the claim, a federal court presumes the claim was adjudicated on the merits, in which case § 2254(d) deference is applicable. Johnson v. Williams, 133 S. Ct. 1088, 1096 (2013). This presumption can be rebutted. Id.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. "Clearly established" federal law is that determined by the Supreme Court. Arredondo

v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004).  At the same time, it is appropriate to look to lower federal court decisions as persuasive authority in determining what law has been "clearly established" and the reasonableness of a particular application of that law.  Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th Cir. 2003), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo, 365 F.3d at 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of Supreme Court precedent is misplaced).

The highest court to issue a reasoned decision with respect to petitioner's claim was the Superior Court of San Joaquin County.  Answer, Ex 1.  The decision reads as follows:

> The court has before it a Petition for Writ of Habeas Corpus filed May 23, 2013.  Good cause appearing therefor, the Petition is DENIED for the following reason.
>
> Petitioner challenges an administration determination of guilt by staff at Deuel Vocational Institute ("DVI").  Petitioner was charged with "Possession of a Controlled Substance for the Purpose of Distribution."  Petitioner shared a cell with another inmate at DVI.  While petitioner was out of the cell it was searched, and thirteen bindles of methamphetamine were found in the other inmate's bedding.  A cell phone was found on Petitioner's cellmate; a cellphone charger was found in the cell hidden in a container of licorice.  Petitioner's urine tested positive for methamphetamine.
>
> Pursuant to an administrative hearing, Petitioner was found guilty of constructive possession of the methamphetamine for distribution.  Petitioner challenges the determination of guilt on the grounds that he did not have any control over his cellmate's personal space and the positive urine test was unrelated to the methamphetamine found in the cellmate's bedding.
>
> This is a judicial review of a correctional administrative hearing and decision, so it is 'extremely deferential' to the hearing officer's determination.  The only question that needs to be answered is:  Is there any evidence in the records that could support the conclusion reached by the prison authorities?  In re Rothwell, (2008) 164 Cal.App.4th 160, 165-166.  Because of the prison setting, the evidentiary standard is minimal, i.e. 'some evidence' is sufficient.  In re Dikes, (2004) 121 Cal.App.4th 825, 830-831.
>
> Here, although the evidence could be read another way, it supports the hearing officer's determination.  Numerous bindles of methamphetamine were found hidden in the cell shared by Petitioner and his cellmate. (The numerosity of bindles supports the element of distribution.)  The weight of the bindles varied.  Petitioner's urine tested positive for methamphetamine.  One conclusion that could be reached from this evidence is that

3

> Petitioner knew about the methamphetamine in his cell. Under the 'some evidence' standard, that this is not the only possible conclusion does not give Petitioner a basis for relief. In re Zepeda (2006) 141 Cal.App.4th 1493, 1499-1500.
>
> Zepeda is similar to the case here: Zepeda claimed no knowledge of the contraband found in his cell and his cellmate admitted ownership of it. Regardless, the court held that under the 'some evidence' standard, the fact that Zepeda had access to the place where the razor blades were stored was sufficient to uphold the hearing officer's finding of culpability for possession. Courts reviewing administrative prison rules violation decisions cannot weigh the evidence or the credibility of the witnesses. Id. In making a determination on the charge against Petitioner, the hearing officer also made credibility determinations; this Court has no authority to disturb them since they are based on some evidence.
>
> Accordingly, the Petition is DENIED. In re Bower (1985) 38 Cal.3d 865, 872; People v. Jackson (1980) 28 Cal.3d 264, 296.

The court has reviewed the entire file and finds that petitioner is precluded from obtaining habeas relief under 28 U.S.C. § 2254(d). The Superior Court of San Joaquin County correctly identified the "some evidence" evidentiary standard which applies to prisoner disciplinary proceedings. Superintendent v. Hill, 472 U.S. 445, 454 (1985). Furthermore, the Superior Court's adjudication of petitioner's claim is not contrary to, nor does it involve an unreasonable application of Supreme Court authority. Finally, the Superior Court's decision is not based upon an unreasonable determination of the facts.

For all of the foregoing reasons, the court will recommend that petitioner's application for a writ of habeas corpus be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be denied; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of

the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 20, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
dick0731.157